UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JORDYN COX, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil No. 3:22-cv-00046-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM ORDER** |
| RELIANT REHABILITATION ) | **&** |
| HOLDINGS, INC., *et al.*, ) | **OPINION** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendants' Motion to Dismiss [R. 33.]  Three former residents of skilled nursing facilities bring this action against companies that provided physical therapy during their stays. [R. 30.]  The Plaintiffs allege that they were defrauded because they were not good candidates for the therapy the Defendants provided.  *Id.* at 27-28.  The Defendants now move to dismiss the Plaintiffs' claims.  [R. 33.]  For the following reasons, the Defendants' motion is **GRANTED** and the Plaintiffs' claims are **DISMISSED**.

**I**

Plaintiffs Jordan Cox, Taylor McVay, and David Bleeker are the administrators of the estates of Karl Belcher, Timothy Farrow, and Della Bleeker.  [R. 30 at 3-4.]  At different times between 2011 and 2015, Mr. Belcher, Mr. Farrow, and Ms. Bleeker each resided at a skilled nursing facility in Kentucky.  *Id.*  The skilled nursing facilities contracted with Defendants Reliant Rehabilitation Holdings and Reliant Pro Rehab, who provided rehabilitation therapy services to the nursing homes' residents.  *Id.* at 10.

Mr. Belcher received gait training rehabilitation therapy by the Defendants from July 2012 to March 2013. *Id.* at 27. Mr. Farrow received therapy from June 2013 to March 2015. *Id.* at 28. And Ms. Bleeker received therapy for about two weeks in August 2015. *Id.* The complaint alleges that each resident had conditions that made them poor candidates for rehabilitation therapy: Mr. Belcher was a paraplegic, Mr. Farrow had congenital hydrocephalitis affecting his mental responses and one leg amputated, and Ms. Bleeker was paralyzed and suffered from contractures. *Id.* at 27-28. Each died from unrelated causes in or before January 2017. *Id.* at 3-4.

The Plaintiff administrators filed their original complaint on August 19, 2022, against the Defendants for fraud, fiduciary, and RICO claims. [R. 1;] *id.* at 35-45. In essence, they allege that the Defendants fraudulently provided and billed for unnecessary and inappropriate rehabilitation therapy. [*See, e.g.*, R. 30 at 41.] After the Plaintiffs amended the complaint, the Defendants moved to dismiss for failure to state a claim upon which relief could be granted. [R. 30; R. 33.] The Defendants argue that the Plaintiffs brought their claims after the limitations period expired. [R. 33 at 12.] And even if the claims were timely, the Plaintiffs do not allege a plausible claim for relief. *Id.* at 17.

## II

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however,

"need not accept as true legal conclusions or unwarranted factual inference." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Stated differently, it is not enough for a claim to be merely possible; it must be "plausible." *See Courie*, 577 F.3d at 630. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

On the other hand, dismissal under Rule 12(b)(6) is appropriate when the allegations in the complaint "affirmatively show that [a] claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). If it is clear from the face of the complaint that the statute of limitations has run, the burden shifts to the plaintiff to "affirmatively plead an exception to the limitations statute." *Reid v. Baker*, 499 F. App'x 520, 526 (6th Cir. 2012) (citing *Auslender v. Energy Mgmt. Corp.*, 832 F.2d 354, 356 (6th Cir. 1987)).

**A**

The Plaintiffs bring claims against the Defendants for fraud and aiding and abetting fraud, arguing that the Defendants misrepresented therapy services they provided. [R. 30 at 40-42.] But the Plaintiffs' fraud claims must be dismissed because the Plaintiffs failed to bring the claims within Kentucky's limitations period for fraud. And even if the claims were timely, the

3

Plaintiffs fail to plead fraud with the particularity required by the Federal Rules of Civil Procedure.

1

In Kentucky, fraud actions are subject to a five-year limitations period. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 259 (6th Cir. 2012). A plaintiff has "a duty to exercise reasonable diligence to discover [his] cause of action within the time prescribed by the statute of limitations." *Bridgefield Cas. Ins. Co. v. Yamaha Motor Mfg. Corp. of Am.*, 385 S.W.3d 430, 434 (Ky. Ct. App. 2012). Consequently, the limitations period begins to run "when a plaintiff could have discovered the fraud in the exercise of reasonable diligence." *Republic Bank & Tr. Co.*, 683 F.3d at 259. Reasonable diligence includes using "ordinary vigilance and attention" to investigate the possible fraud. *Mayo Arcade Corp. v. Bonded Floors Co.*, 240 Ky. 212, 222 (1931).

The duty to investigate arises "on notice that something [is] amiss," *Victory Cmty. Bank v. Socol*, 524 S.W.3d 24, 29 (Ky. Ct. App. 2017); *accord Isaak v. Trumbull Sav. & loan Co.*, 169 F.3d 390, 399 (6th Cir. 1999) ("Inquiry notice is triggered by evidence of the possibility of fraud, not full exposition of the scam itself.") (internal quotation omitted). A plaintiff's failure to do so precludes application of the discovery rule. *See Bridgefield Cas. Ins. Co.*, 385 S.W.3d at 434.

The Plaintiffs' fraud claims are based on allegations that the Defendants misrepresented therapy services by providing contraindicated or unnecessary therapy, miscoding therapy, and otherwise falsely billing the Plaintiffs or United States between 2012 and 2015. [R. 30 at 40-41.] Specifically, the complaint alleges that Mr. Belcher received gait training rehabilitation—therapy

4

to improve walking—Mr. Farrow received therapy with the goal of walking and returning home, and Ms. Bleeker received therapy "that was unnecessary and painful." *Id.*

The limitations period began running at the time of each resident's therapy treatment because each person received notice that "something was amiss" and could have discovered the alleged fraud in the exercise of reasonable diligence. *Victory Cmty. Bank*, 524 S.W.3d at 29. Mr. Belcher received therapy to improve her walking although she was a paraplegic and lacked the ability to use her legs. [R. 30 at 27.] Mr. Farrow's therapy had the goal of walking and returning home although he required care by others and had one leg amputated. *Id.* at 28. And Ms. Bleeker received "unnecessary and painful" therapy although she was paralyzed and suffered from contractures. *Id.* Certainly, Mr. Belcher, Mr. Farrow, and Ms. Bleeker were not medical experts. Even so, persons of "ordinary vigilance and attention" would have noticed that "something was amiss" because they received physical therapy with clearly unrealistic goals causing unnecessary pain. *Mayo Arcade Corp.*, 240 Ky. at 222; *Victory Cmty. Bank*, 524 S.W.3d at 29. Mr. Farrow even alleges that he refused therapy but received it involuntarily. [R. 30 at 28.] In addition, by 2016, each plaintiff had filed lawsuits relating to their time at the nursing homes. [*See* R. 33 at 16.]

Because Mr. Belcher, Mr. Farrow, and Ms. Bleeker could have discovered the alleged fraud with reasonable diligence when receiving the therapy, the limitations period began running when each plaintiff received the therapy. *Republic Bank & Tr. Co.*, 683 F.3d at 259. No plaintiff brought their fraud claims within five years. Consequently, the statute of limitations bars the Plaintiffs' fraud claims. *See Bridgefield Cas. Ins. Co.*, 385 S.W.3d at 434.

2

Even if the fraud claims were timely, the Plaintiffs fail to state the fraud with particularity as required by the Federal Rules of Civil Procedure. To establish a fraud claim, a plaintiff must allege (1) a material representation (2) that is false, (3) known to be false or made recklessly, (4) made with inducement to be acted upon, (5) acted in reliance thereon, and (6) causing injury. *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

The Federal Rules of Civil Procedure require a party alleging fraud also to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) mandates that a plaintiff specify the "who, what, when, where, and how of the alleged fraud." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 410-11 (6th Cir. 2022) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)). This means the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* at 411 (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)). The plaintiff must also provide a description of "the fraudulent scheme" and "the resulting injury." *Id.* (quoting *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466-67 (6th Cir. 2011)).

State-law fraudulent misrepresentation claims brought in federal court must meet this heightened pleading standard. *Newberry v. Silverman*, 789 F.3d 636, 645 (6th. Cir. 2015). When there are multiple defendants, a plaintiff must specify which defendant made each allegedly fraudulent misrepresentation so that "a particular defendant [can] determine with what it is charged." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). The purpose of Rule 9(b) is to give defendants fair notice of the allegations against them so they can

prepare an informed pleading responsive to the specific allegations of fraud. *See United States, ex rel. Snapp, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503-04 (6th Cir. 2008).

Here, the complaint alleges that the Defendants "express[ly] or implied[ly]" misrepresented therapy services they provided. [R. 30 at 40.] It alleges that the misrepresentations included: indicating "that [the Defendants] would conform to their fiduciary duties," providing contraindicated or unnecessary therapy, miscoding therapy, and otherwise falsely billing the Plaintiffs or United States. [R. 30 at 40-41.] The complaint also alleges fraud against the three plaintiffs individually. First, "Defendants performed [gait training] therapy on Mr. Belcher," though Mr. Belcher "was not a good candidate" for the therapy. *Id.* at 27. Second, "Defendants performed physical therapy on Mr. Farrow" that was "unnecessary and involuntary" because he suffered congenital hydrocephalitis and had one leg amputated. *Id.* at 28. Mr. Farrow also "was subjected to duplication of therapy treatments." *Id.* Third, "Defendants performed physical therapy on Ms. Bleeker" that was "unnecessary and painful" because she was paralyzed and suffered from contractures. *Id.*

The Plaintiffs' complaint fails to state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). In fact, the complaint provides no specific representations at all that the Defendants made to Mr. Belcher, Mr. Farrow, or Ms. Bleeker. The complaint provides only that the Reliant Defendants "misrepresented in billing" therapies they provided to the Plaintiffs and potential class members and represented that they "would conform to their fiduciary duties" to the Plaintiffs and the potential class. [R. 30 at 40.] The complaint does not specify the statements or acts contributing to these representations, the representations' speaker, where or when the representations were made, or why the representations were fraudulent. *See*

7

*id.* Because these allegations fail to provide the "who, what, when, where, and how of the alleged fraud," the Plaintiffs fail to state with particularity the circumstances constituting fraud. *New London Tobacco Mkt., Inc.*, 44 F.4th at 410-11; Fed. R. Civ. P. 9(b); *see also Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2012 U.S. Dist. LEXIS 106492, at *32 (W.D. Ky. July 30, 2012) (holding that a plaintiff failed to state fraud with particularity where the plaintiff alleged that the defendants represented that transfers of assets were for valid business purposes).

Rather than direct the Court to statements that the Defendants made, the Plaintiffs spend their response arguing that the Court should apply a "relaxed" particularity requirement because they allege "a complex fraudulent scheme." [R. 42 at 9-10.] This argument is flawed. First, the Plaintiffs provide, and the Court is aware of, no case applying a "relaxed" particularity requirement to claims outside of the False Claims Act context. *Id.* (citing only *qui tam* cases). This is not a False Claims Act case.

Second, even if the relaxed standard applies, the Plaintiffs do not meet it. The only time the Sixth Circuit applied a relaxed standard, the court held that a relator must allege "specific personal knowledge that relates directly to billing practices," like knowledge gained from working in the defendant's billing department. *United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 838 F.3d 750, 769 (6th Cir. 2016). Here, the Plaintiffs do not allege specific personal knowledge relating to the Defendants' alleged fraud. And further unlike the plaintiff in *Prather*, the Plaintiffs fail to "provide a detailed overview of the alleged fraudulent scheme" or create a "strong inference" of specific fraudulent conduct. *Id.*

Thus, the statute of limitations bars the Plaintiffs' fraud claims because Mr. Belcher, Mr. Farrow, and Ms. Bleeker knew or with reasonable diligence should have known about the

alleged fraud when receiving the therapy. *Republic Bank & Tr. Co.*, 683 F.3d at 259. Yet even if the Plaintiffs' fraud claims were timely, the Plaintiffs do not "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Consequently, the Court will dismiss the Plaintiffs' fraud and aiding and abetting fraud claims. [*See* R. 40-42.]

B

The Plaintiffs plead a claim against the Defendants under the Racketeer Influenced and Corrupt Organizations Act. [R. 30 at 35.] The Defendants argue that the Plaintiffs' RICO claim is barred by the statute of limitations. [R. 33 at 12.] The Plaintiffs concede that they received notice of their claims, "including the existence of the facts underlying the causes of action alleged," on November 13, 2017—four years and nine months before they filed their RICO claims. [R. 30 at 23.]

The Defendants argue that the Plaintiffs had only four years to file their RICO claims. [R. 33 at 12.] Indeed, the "Supreme Court has imposed a four-year statute of limitations on RICO claims." *Sims v. Ohio Cas. Ins. Co.*, 151 F. App'x 433, 435 (6th Cir. 2005) (citing *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987)). The four-year period begins to run when the plaintiff knew or should have known that they were injured by a RICO violation. *See id.*

The Plaintiffs do not dispute that the statute of limitations bars their claims if a four-year period applies. [*See* R. 42 at 5-7.] Rather, the Plaintiffs argue that the four-year limit established in *Agency Holding* should not apply "to a RICO offense pled solely in one state," and that a five-year state limitations period should apply in such circumstances. *Id.* at 6. But the Supreme Court mandated a four-year period without exception. *Agency Holding Corp.*, 483 U.S. at 156

(holding that "state statutes of limitations are inappropriate for civil RICO claims"). Moreover, the Sixth Circuit has applied the uniform four-year period even where the plaintiff alleged that the RICO violation occurred in only one state. *See, e.g.*, *Taylor Grp. v. ANR Storage Co.*, 24 F. App'x 319, 325 (6th Cir. 2001). The Plaintiffs here do not cite a case applying a state limitations period after the *Agency Holding* decision. Consequently, a four-year limitations period is proper. And because the Plaintiffs failed to bring their RICO claims within the four-year period, the claims are barred.

## C

The Plaintiffs bring claims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties. [R. 30 at 43-45.] The Defendants argue that the statute of limitations also bars the Plaintiffs' fiduciary claims. [R. 33 at 13.] A five-year limitations period applies to an action for breach of fiduciary duty. *See Middleton v. Sampey*, 522 S.W.3d 875, 878 (Ky. Ct. App. 2017); Ky. Rev. Stat. § 413.120(6).

Yet unlike with fraud and RICO claims, the discovery rule does not apply to fiduciary duty claims. *See id.* at 879. So, the limitations period begins to run "when the alleged breach of duty occurred," not when the Plaintiffs discovered it. *Rich & Rich P'ship v. Poetman Records USA, Inc.*, 714 F. Supp. 2d 657, 668 (E.D. Ky. 2010). The same rules apply to a claim for aiding and abetting breach of fiduciary duties. *See, e.g.*, *Anderson v. Pine S. Capital*, 177 F. Supp. 2d 591, 604 (W.D. Ky. 2001). Here, the complaint provides that each plaintiff left Reliant nursing facilities and stopped receiving Reliant treatment by August 2015. [R. 30 at 27-28.] In fact, each plaintiff died by January 2017. *Id.* at 3-4. Therefore, because the breach of fiduciary duties

necessarily occurred more than five years before the filing of the complaint—August 2017—the statute of limitations bars the Plaintiffs' fiduciary claims.

The Plaintiffs do not dispute that the alleged breach of fiduciary duties occurred before August 2017. [R. 42 at 7-8.] The Plaintiffs argue that the limitations period did not begin to run until actual discovery of the breach because a confidential relationship existed between the Plaintiffs and the Defendants. *Id.* at 7. True, Kentucky's equitable tolling statute may delay the statute of limitations period from running when a defendant's wrongful conduct prevents the plaintiff from discovering her claims. Ky. Rev. Stat. § 413.190(2); *Osborn v. Griffin*, 865 F.3d 417, 437 (6th Cir. 2017). But the statute tolls the limitations period only for "a cause of action . . . against a resident of this state." Ky. Rev. Stat. § 413.190(2). In other words, Kentucky's tolling statute "does not apply to nonresidents of Kentucky." *Sparacino v. Shepherd Communs., Inc.*, No. 3:14-CV-298-JHM-CHL, 2015 U.S. Dist. LEXIS 17050, at *15 (W.D. Ky. Feb. 11, 2015); *see also Wright v. Swigart*, No. 2016-CA-000854-MR, 2018 Ky. App. Unpub. LEXIS 49, at *11 (Ky. Ct. App. Jan. 26, 2018) ("[O]ur Supreme Court has expressly held that KRS 413.190(2) does not apply to a company that is not a resident of Kentucky.") (internal citation omitted).

The Reliant Defendants are not residents of Kentucky. The complaint alleges that Reliant Rehabilitation Holdings is a Delaware corporation with its principal place of business in Texas and Reliant Pro Rehab is a Delaware corporation with its principal place of business in Texas. [R. 30 at 4-5.] The Plaintiffs do not argue that the Defendants are residents of Kentucky. [*See* R. 42.] Therefore, KRS 413.190(2) does not toll the Plaintiffs' fiduciary claims and the time to bring them expired before the Plaintiffs filed their complaint.

11

### III

The Plaintiffs thus fail to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Generally, a court must dismiss the entire action when the named plaintiffs' claims are resolved before class certification.  *See, e.g.*, *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016).  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Reliant Defendants' Motion to Dismiss [**R. 33**] is **GRANTED**;

2. The Plaintiffs' claims against the Reliant Defendants are **DISMISSED**;

3. The Reliant Defendants' Motion to Strike Class-Action Allegations [**R. 34**] is **DENIED** as moot; and

4. This matter is **STRICKEN** from the Court's active docket.

This the 23d day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge